USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: DEC 04 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CRYSTAL RAMIREZ,

      Plaintiff,

v.

CON-WAY MULTIMODAL, INC.,
SLAWOMIR PIENKOWSKI and CON-WAY FREIGHT INC.,

      Defendants.

No. 17-CV-8823 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

  Plaintiff Crystal Ramirez, a Bronx resident, brought this action in Bronx County Supreme Court against out-of-state Defendants Con-Way Multimodal, Inc., Slawomir Pienkowski, and Con-Way Freight Inc. for damages arising out of a motor vehicle accident that took place on Interstate 80 in the Township of Hope, New Jersey. *See* Plaintiff's Complaint (Dkt. 1-1) ("Compl."). Defendant Pienkowski was the operator of a freight truck, owned by the Con-way Defendants, which collided with Plaintiff's car and allegedly caused her serious injuries. *Id.* ¶ 5–7, 14, 17. After Defendants removed the case to this district, Notice of Removal (Dkt. 1), they filed an answer asserting lack of personal jurisdiction as to all Defendants as an affirmative defense. Answer (Dkt. 7). Plaintiff then consented to Defendants' request for leave to file a motion for summary judgment seeking dismissal for lack jurisdiction prior to proceeding with substantive discovery. Letter at 2 (Dkt. 10) ("Letter"). That motion, now before the Court unopposed, is granted.

## LEGAL STANDARD

  Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002). Where a defendant challenges jurisdiction by way of motion pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court proceeds, as with any summary judgment motion, to determine if undisputed facts exist that warrant the relief sought." *Anderson v. Indiana Black Expo, Inc.*, 81 F. Supp. 2d 494, 498–99 (S.D.N.Y. 2000) (citation omitted). In establishing jurisdiction, a plaintiff's "bare legal allegations may be sufficient to withstand a 12(b)(2) motion," but "fail to make a *prima face* showing at the summary judgment stage." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 199 (2d Cir. 1990).

As this motion is based on an alleged lack of personal jurisdiction, the Court must "determine whether there is jurisdiction over the defendant[s] under the relevant forum state's laws." *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir.1999). Here, this requires an assessment of whether New York law provides for jurisdiction over Defendants. *See* N.Y. C.P.L.R. §§ 301, 302 (McKinney 1990). A two-fold inquiry is required. First, a determination must be made as to whether New York law provides a basis for exercising personal jurisdiction over each defendant. If there is such a basis, a court must then determine whether the exercise of such jurisdiction would offend federal standards of due process. *See Bank Brussels Lambert*, 171 F.3d at 784.

New York law provides for both general and specific jurisdiction over foreign business entities. Under New York Civil Practice Law and Rules ("C.P.L.R.") § 301, a court may exercise general personal jurisdiction over a foreign defendant "doing business" in New York. *See Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000). In *Daimler AG v. Bauman*, however, the Supreme Court rejected the theory that general jurisdiction may attach in every state where a corporation "engages in a substantial, continuous, and systematic course of

2

business." 571 U.S. 117, 138 (2014) (citation omitted). Rather, it identified as "paradigm bases for general jurisdiction" a corporation's principal place of business and place of incorporation. *Id.* at 760 (alterations omitted). The Second Circuit has read *Daimler* to establish that "except in a truly 'exceptional' case, a corporate defendant may be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 627 (2d Cir. 2016). "[G]eneral jurisdiction extends beyond an entity's state of incorporation and principal place of business only in the exceptional case where its contacts with another forum are so substantial as to render it 'at home' in that state." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 223 (2d Cir. 2014). "Consent-by-registration" is thus insufficient to establish personal jurisdiction. *See Brown*, 814 F.3d at 640 ("If mere registration and the accompanying appointment of an in-state agent—without an express consent to general jurisdiction—nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and *Daimler*'s ruling would be robbed of meaning by a back-door thief.").

The other method of establishing personal jurisdiction is specific jurisdiction. Under New York law, specific personal jurisdiction may be found based on a cause of action arising from four kinds of contact with New York. First, jurisdiction is proper where the defendant "transacts any business within the state," so long as the cause of action "aris[es] from" the business transacted within the state. C.P.L.R. § 302(a)(1). A defendant "transacts business" in New York, for purposes of the long-arm statute, when it "purposefully avails itself of the privilege of conducting activities within New York." *Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 835 (N.Y. 2007) (alteration omitted). A claim "aris[es] from" a particular transaction when there is "some articulable nexus between the business transacted and the cause of action sued upon," or when

"there is a substantial relationship between the transaction and the claim asserted." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citations omitted).

Second, jurisdiction is proper where a defendant "commits a tortious act within the state." C.P.L.R. § 302(a)(2). "'[A] defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2).'" *Thackurdeen v. Duke Univ.*, 660 F. App'x 43, 46 (2d Cir. 2016) (quoting *Bank Brussels Lambert*, 171 F.3d at 790).

Third, jurisdiction is proper where a defendant "commits a tortious act without the state causing injury to person or property within the state," if the defendant "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." C.P.L.R. § 302(a)(3). Under § 302(a)(3), the injury must have occurred in New York. *See DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84–85 (2d Cir. 2001). "Whether the injury occurred 'in' New York for purposes of § 302(a)(3) generally depends on 'a situs-of-injury test, which asks [courts] to locate the original event which caused the injury.'" *Thackurdeen*, 660 F. App'x at 46–47 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 209 (2d Cir. 2001)).

Finally, jurisdiction is proper over a non-domiciliary who owns, uses, or possesses any real property within New York. C.P.L.R. § 302(a)(4). "[T]he plaintiff's cause of action must arise out of the fact of ownership, use or possession of New York realty." *Elsevier, Inc. v. Grossman*, 77 F. Supp. 3d 331, 346 (S.D.N.Y. 2015) (citation and alterations omitted).

## DISCUSSION

As an initial matter, the Court notes that although Defendants' motion is unopposed, "the court must determine whether the legal theory of the motion is sound." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014); *see Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."). Still, "a non-response runs the risk of unresponded-to statements of undisputed facts [proffered] by the movant being deemed admitted." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).

Here, "[D]efendant[s'] motion remains unopposed and so there is nothing in the record besides [P]laintiff's Complaint from which to conclude that there is a basis to assert personal jurisdiction over [D]efendant." *Shanley v. Rorher*, No. 00-CV-9400 (GBD), 2001 WL 1631406, at *1 (S.D.N.Y. Dec. 18, 2001). In the Complaint, Plaintiff alleges that Con-Way Multimodal, Inc. had "its principal place of business located at c/o CSC, 80 State Street, Albany, NY 12207" and that Con-Way Freight Inc. (now known as XPO Logistics Freight, Inc., hereinafter "XPO") was "duly authorized to do business in the State of New York." Compl. ¶¶ 2, 4. Defendants acknowledge that XPO and Con-Way Multimodal were and are registered to do business in New York State, *see* Defs.' Letter at 2, but claim Plaintiff incorrectly identified the principal place of business of Con-Way Multimodal, Inc. as in New York. *Id.* Rather, in their Rule 56.1 Statement, to which Plaintiff has not provided a counterstatement, Defendants assert that on the date of the accident (November 20, 2015), and at all times since, XPO was a Delaware corporation and had its principal place of business in Ann Arbor, Michigan, and Con-Way Multimodal Inc. was a Delaware corporation and had its principal place of business in Bentonville, Arkansas. Rule 56.1

Statement ¶¶ 7, 8 (Dkt. 22). Defendants have also submitted affidavits from their attorney and the Assistant Secretary of XPO and Con-Way Multimodal, affirming the locations of these places of incorporation and principal places of business. *See* Affirmation of Barry S. Rothman ¶¶ 13, 14 (Dkt. 18); Affirmation of Riina Tohvert at 1–2 (Dkt. 19). It is also undisputed that the driver of Defendants' automobile, Mr. Pienkowski, was and is a resident and domiciliary of Wallington, New Jersey. Compl. ¶ 3. The deadline for Plaintiff's opposition has long since passed, and Plaintiff has provided no facts to substantiate its allegation that one of the Defendants had its principal place of business in New York. Nor has Plaintiff made any allegations, let alone substantiated ones, that Defendants have substantial contacts with this forum beyond mere corporate registration, which, as discussed above, is insufficient to establish general jurisdiction. Thus, for general jurisdiction purposes, Defendants are not "essentially at home" in New York, nor are there any allegations that theirs is an "exceptional case" where personal jurisdiction lies. *See Brown*, 814 F.3d at 628.

Plaintiff fares no better under an analysis of specific jurisdiction. Under C.P.L.R. § 302(a)(1), even if Defendants were shown to have "transact[ed] any business within the state," Plaintiff has not alleged that her cause of action "aris[es] from" such business. *Id.* The automobile accident at issue took place on Interstate 80 in the Township of Hope, New Jersey. There are no allegations that this New Jersey crash was somehow linked to the State of New York. *See Johnson v. Ward*, 829 N.E.2d 1201, 1203 (N.Y. 2005) ("Plaintiffs' cause of action arose out of defendant's allegedly negligent driving in New Jersey, not from the issuance of a New York driver's license or vehicle registration."). Under C.P.L.R. § 302(a)(2), the alleged tortious act in this case occurred in New Jersey, not New York, so jurisdiction does not lie.

The same facts reveal an absence of specific jurisdiction under § 302(a)(3), as the injury in this case did not occur in New York under the situs-of-injury test. *See Thackurdeen*, 660 F. App'x at 46–47. "CPLR 302 (subd. [a], par. 3) looks to the imparting of the original injury within the State of New York and not resultant damage, in order that jurisdiction might be effectuated. To hold otherwise would open a veritable Pandora's box of litigation subjecting every conceivable prospective defendant involved in an accident with a New York domiciliary to defend actions brought against them in the State of New York." *Kramer v. Hotel Los Monteros S. A.*, 394 N.Y.S.2d 415, 415 (N.Y. App. Div. 1977). Under C.P.L.R. § 302(a)(4), no allegation is made that the cause of action "arise[s] out of the fact of ownership, use or possession of New York realty." *Elsevier*, 77 F. Supp. 3d at 346 (alterations omitted). The Court thus lacks specific jurisdiction over Defendants.

## CONCLUSION

In sum, Plaintiff has made no attempt in response to Defendants' motion to show why this Court has personal jurisdiction over Defendants, and Defendants have amply refuted her Complaint's sole allegation that one Defendant has its principal place of business in New York. There is thus no genuine dispute of material fact in this case, and Defendants are entitled to judgment as a matter of law, as this Court lacks jurisdiction over them.

The Clerk of Court is respectfully directed to terminate the motion pending at Docket No. 17 and to close this case.

SO ORDERED.

Dated: December 4, 2018
        New York, New York

_____
Ronnie Abrams
United States District Judge

7